UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIJAH BROOKS,

        Petitioner,

v.                                                                       Case No. 07-C-479

MICHAEL THURMER,

        Respondent.

**ORDER**

On May 24, 2007, Elijah Brooks filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court convictions and sentences were imposed in violation of the Constitution. Brooks was convicted in Brown County Circuit Court of repeated sexual assault of the same child, second-degree sexual assault of a child, attempted sexual assault of a child and possession of a firearm while a felon. Because he was charged as a persistent repeater under Wis. Stat. § 939.62(2m) (meaning that he already had either two or more serious felony convictions or at least one serious child sex offense), Brooks was subject to mandatory life sentences on each of the sexual assault convictions. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The claims Brooks now asserts are somewhat cryptic, although it is possible to piece them together from the claims he has presented to the state courts, all of which involve ineffective assistance of counsel. First, much of his petition alleges trial counsel was ineffective for failing to move for a severance of his gun charge. (Pet. at 8.) In a postconviction motion, the trial court indicated that it would have denied such a motion because Brooks' possession of a firearm was clearly relevant to the sexual assault charges. The trial court noted that two of the three sexual assault victims had explained their delay in reporting the assaults out of fear of Brooks because they had seen him with a gun. As the Wisconsin Court of Appeals observed, even if the weapons charge had been severed from the other charges, evidence of Brooks' possession of the firearm would nevertheless have been admitted at the sexual assault trial to explain the delay in reporting the crimes. *State v. Brooks*, No. 2004AP2066-CR, ¶ 3 (Wis App. April 26, 2005). The reasoning of the State courts is unassailable and, thus, this claim will be dismissed.

Brooks also alleges he was ill advised by his trial attorney to stipulate that he was a convicted felon and not to testify on his own behalf. (Pet. at 9.) In affirming the trial court's rejection of Brooks' contention as to this issue, the Wisconsin Court of Appeals applied *Strickland v. Washington,* the controlling federal precedent on ineffective assistance of counsel. 466 U.S. 668 (1984). As already noted, the gun was an integral factor in the sexual assault trial and Brooks' motion to sever would have been denied. To minimize the possibility of unfair prejudice, the jury was given a cautionary instruction, and Brooks entered into a stipulation as to his felon status, thus

2

preventing the jury from hearing any details of his earlier felonies. The state court applied the proper case law and concluded that none of the errors alleged by Brooks would have prejudiced his case. The court's conclusions are reasonable, and I am therefore unable to say that the court of appeals unreasonably applied the relevant Supreme Court precedent governing ineffective assistance of counsel. 28 U.S.C. § 2254(d)(1). Accordingly, this claim will also be dismissed.

Brooks also alleges ineffective assistance of appellate counsel. He appears to question his attorney's performance during his *Machner* hearing, but as the court of appeals noted, that is post-conviction counsel (to which there is no guaranteed right) rather than counsel on direct appeal. Thus, even if counsel's performance was deficient, it did not violate Brooks' constitutional rights. *Coleman v. Thompson,* 501 U.S. 722, 752 (1991) (no constitutional right to counsel in state postconviction proceedings). He also raises a number of other alleged deficiencies in his appellate attorney's performance. Many of these are related to the issues already noted above, however, such as the stipulation of felon status and Brooks' decision not to testify; because the state court reasonably concluded that Brooks' trial was not prejudiced, his appellate attorney was not ineffective for failing to raise the same issues. In fact, as the court of appeals noted in a decision dated November 2, 2006, the fact that Brooks' history of sex crimes was hidden from the jury (courtesy of the stipulation that he was a felon) was likely a substantial benefit to him. The court of appeals also properly dispensed with other arguments Brooks appears to be reprising here. He suggests that the trial court erred for reopening the case to allow the state to enter the stipulation into evidence; but as the court of appeals noted, that was within the court's discretion. It was not deficient performance, therefore, when his appellate attorney failed to raise the issue on appeal.

3

By the same token, his appellate attorney was not deficient for failing to appeal the manner of sentencing because, as the court of appeals noted, the sentence imposed was a mandatory one. Finally, there is a suggestion that Brooks was unable to call certain witnesses at his trial. This issue has apparently been undeveloped, as Brooks has never identified what these witnesses would have testified to. As such, as the court of appeals concluded, it is impossible to conclude that his attorney on appeal performed deficiently when he failed to argue this undeveloped point.

In sum, the issues presented to the state courts have been resolved in a reasonable fashion by those courts. In fact, many of the issues presented only involve questions of state law rather than federal law. To the extent they are couched in claims of ineffective assistance of counsel, the state courts properly applied *Strickland* and concluded that Brooks' attorneys' performance was not deficient and that Brooks suffered no prejudice.

Petitioner filed with his petition a trust account statement showing no assets in his prison account. I construe this as an application for leave to proceed *in forma pauperis,* and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted and the filing fee will be waived.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases. The filing fee is waived.

Dated this   5th   day of June, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

4

Case 1:07-cv-00479-WCG   Filed 06/06/07   Page 4 of 4   Document 4