UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIJAH BROOKS,

        Petitioner,

  v.                                                  Case No. 07-C-479

MICHAEL THURMER,

        Respondent.

## ORDER

On May 24, 2007, Elijah Brooks filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I dismissed the petition pursuant to Rule 4 of the Rules Governing § 2254 Proceedings. Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, the appellant must demonstrate that reasonable jurists could debate whether his habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further. *See Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

Brooks raised a number of issues in his habeas petition. First, he claimed ineffective assistance of counsel for counsel's failure to move for a severance of his gun charge. I found the state courts' reasoning unassailable, as the gun was clearly relevant to his sexual assault charges.

I also found reasonable the state court's conclusions as to Brooks' claim that his attorney should not have let him stipulate to his felon status and should have allowed him to testify. The stipulation was a reasonable approach (given his history of sex crimes) and there was no indication of prejudice to the outcome of the trial. Finally, none of his various claims of ineffective assistance of appellate counsel had any merit; in fact, many of them involved questions of state law, and I conclude Brooks has not shown the denial of any constitutional right as to his appellate claims.

Accordingly, my conclusions about the merits of Brooks' petition do not suggest that any of the claims brought in the petition fall into the category of "debatable." As such, Brooks has not made a substantial showing that he was denied a constitutional right, and the certificate of appealability is therefore **DENIED**.

Brooks proceeded *in forma pauperis* in this court, having filed a trust account statement showing no assets. Presumably he also wishes to proceed in the court of appeals without paying the appellate filing fee, and so I construe his filings as a request to proceed in that capacity. Although I have concluded that the COA should not issue, I do not find that the appeal is taken in bad faith. 28 U.S.C. § 1915(a)(3). Bad faith is a lower standard than that considered in the request for a COA, and I do not find the appeal so meritless that pursuing it constitutes bad faith. *Walker v. O'Brien,* 216 F.3d 626, 631-32 (7th Cir. 2000). Accordingly, the request to proceed *in forma pauperis* on appeal is **GRANTED**.

**SO ORDERED** this 13th day of July, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge